IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>vs.<br><br>GLOBAL HR RESEARCH, LLC,<br><br>       Defendant. | Case No.: |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

Plaintiff hereby moves for leave to proceed in pseudonym and states the following in support.

I.  **RELEVANT FACTS**

On December 12, 2012, Plaintiff obtained an expungement of certain juvenile criminal records originating in the State of Alabama. In or about October 2023 Plaintiff attempted to obtain employment as she had financial responsibilities as the primary income earner for a household with one dependent. Plaintiff applied for full-time employment as a Claim Research Associate with Blue Cross and Blue Shield ("BCBS"). As part of the application process, Plaintiff consented to a background check. BCBS purchased a background check from Defendant Global HR Research, LLC, ("Defendant"). That background check inaccurately reported the expunged juvenile criminal records as outstanding on Plaintiff's record. This lawsuit followed.

II.  **APPLICABLE LAW**

The Eleventh Circuit summarized the relevant legal principles in *Doe v. Neverson*:

Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id. at 1247*. Along with these factors, a court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (quoting *Francis*, 631 F.3d at 1316).

*Doe v. Neverson*, 820 F. App'x 984, 986–87 (11th Cir. 2020). *See also In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246-48 (11th Cir. 2020).

In exercising its discretion, the Court should consider the specific circumstances of the case and weigh the relevant factors. *Francis*, 631 F.3d at 1315–1316. The Court should further consider "(4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party

2

defending against a suit brought under a pseudonym would be prejudiced." *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

### III.  ARGUMENT

#### A. THE TOTALITY OF THE CIRCUMSTANCES REQUIRE THAT PLAINTIFF BE ALLOWED TO PROCEED UNDER A PSEUDONYM TO PROTECT INFORMATION OF THE UTMOST INTIMACY

Under the test articulated by the Eleventh Circuit, only factors 2, 4 and 5 are involved here. Plaintiff's juvenile criminal records are information of the utmost intimacy, and Plaintiff would undoubtedly suffer injury if compelled to be identified. Plaintiff may disclose her identity to Defendant pursuant to a protective order, to allow Defendant to defend against Plaintiff's claims.

##### i. Under Federal and Alabama Law, Plaintiff's Criminal Records Are Information Of The Utmost Intimacy

Federal law entitles Plaintiff to *confidentiality, accuracy, relevancy, and proper utilization* of her criminal records. This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the **confidentiality, accuracy, relevancy, and proper utilization of such information** in accordance with the requirements of this subchapter.

§1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." §1681(a)(4).

Section 1681b lists the permissible purposes for which consumer reports —which include Plaintiff's criminal records— may be disclosed. Section 1681b expressly states that there are no other permitted purposes. Section 1681c(a)(2) further requires that records of arrest not be reported when they are seven years older than the date of the report.

Alabama law, pursuant to which Plaintiff's youthful convictions were expunged, also provides that youth individuals with expunged records are not to be subject to the embarrassment and stigma inherent in the association with a criminal record, and as such shall not be deemed to be convicted of the crime with the record of such crime not be opened to public inspection. *Beaver v. State*, 455 So. 2d 253, 258 (Ala. Crim. App. 1984) (citing *Raines v. State*, 294 Ala. 360, 317 So. 2d 559, 561 (1975). Regardless of whether the expungement statute is considered procedural or remedial, the statute must be liberally construed to effectuate their objectives. *Ex parte Curran*, 372 So. 3d 579, 583 (Ala. Crim. App. 2022). Construing expungement statutes in accordance with legislative intent requires construing same in favor of the individual seeking to enforce the expungement rights. *See e.g. Id*. at 584.

Courts have held that the FCRA requires a consumer reporting agency's [such as Defendant] reports be "both technically accurate and not misleading." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020). Therefore, the interplay of the FCRA and I.C. § 35–38–9–10 prohibit the reporting of Plaintiff's criminal records when doing so would be "misleading".

Here, the complaint alleges that Defendant's reporting of Plaintiff's expunged records as though they were still in the public record is both false and misleading because those records have been expunged by operation of Alabama law, on December 12, 2012, and are thus to be treated as if they never existed. *See e.g. Beaver*, 455 So. 2d at 258.

ii. **Plaintiff Would Be Injured If Identified**

As stated above, Alabama law has already operated to expunge Plaintiff's criminal records. If forced to identify herself, Plaintiff will be effectively creating a public record linking her identity to Defendant's reporting of her criminal records which Alabama is looking to precisely prevent from occurring by granting expungement on December 12, 2012. Thus, the general public would be able to connect Plaintiff's identity to her expunged criminal records, which could not have been legally reported under the FCRA or Alabama law.

Frankly stated, denial of Plaintiff's motion would require her to choose between the enforcement of her federal rights and the enjoyment of her state rights. As another district court has correctly noted, "in today's internet age, the docket filings [for a case] are likely to remain pervasively available." *A.D. v. Wyndham Hotels & Resorts*, No. 4:19cv120, 2020 U.S. Dist. LEXIS 163851, at *5 (E.D. Va. Mar. 20, 2020) (quotation omitted). That is, Plaintiff's litigating to hold Defendant accountable for falsely associating her with a criminal record will have the effect of massively distributing the very same falsehood. Unless permitted to proceed in pseudonym, Plaintiff's action would be the equivalent of attaching a bullhorn to Defendant's falsity that was heretofore in limited, though injurious, circulation.

Stated another way, without leave to proceed under pseudonym, Plaintiff will be forced to choose between (1) maintaining the clear judicial record wherein no publicly available information links her to a criminal record, or (2) prosecuting the statutory protections provided her by the

FCRA. Plaintiff therefore asserts that she will most certainly "risk suffering injury" if required to identify herself to the public in order to prosecute this claim.

### iii. Defendant Will Not Be Prejudiced By Plaintiff Proceeding Under A Pseudonym

A protective order will allow Plaintiff to disclose her identity to Defendant while keeping her identity confidential to the general public. Therefore, Defendant will be allowed to adequately defend against this case. Because Plaintiff's criminal records (or lack thereof) are of the utmost privacy under the interplay of Alabama law and the FCRA, because Plaintiff would risk severe injury if she were to disclose her identity to the general public in this suit, and because Defendant will be able to adequately defend against Plaintiff's claims without forcing Plaintiff to self-identify with the inaccurate reporting at issue, the totality of the circumstances test abundantly establishes that Plaintiff's privacy concerns substantially outweigh the public interest at issue.

### B. PLAINTIFF'S RIGHT TO PRIVACY IS PRECISELY THE CONCERN THE ELEVENTH CIRCUIT HAS HELD MERITS ANONYMITY

Plaintiff's case involves more than a mere embarrassment. Plaintiff's privacy concerns are protected by both federal and Alabama state law requiring disclosures that are technically accurate and not misleading. As the Eleventh Circuit has held, in considering a motion to proceed under pseudonym, the Court should give adequate consideration to (a) the "degree of intimacy", that is whether the "issues involved are matters of a sensitive and highly personal nature"; and (b) the "amount of harm [of] losing anonymity". *Francis*, 631 F.3d 1316-17.

Here, Plaintiff's criminal record is of a "sensitive and highly personal nature" as recognized by the Alabama legislature in enacting the expungement statute at issue. The Alabama court found that Plaintiff met all the eligibility criteria and that her petition met all the requirements under the statute and ordered Plaintiff's criminal records expunged. Thus, under Alabama law, those

criminal records are to be treated as if the subject offense never occurred. *See e.g. Beaver*, 455 So. 2d at 258 (citing *Raines*, 317 So. 2d at 561).

Revealing her identity to the general public will cause certain and severe harm to Plaintiff, to the point that Plaintiff will need to decide if she values her privacy more than the vindication of her rights under the FCRA. On this point the Eleventh Circuit has already determined that dismissing as conclusory the harm of creating a record linking a person's identity to offending facts, is an abuse of discretion. *Francis*, 631 F.3d at 1317-18 ("The court completely disregarded one of their expert's testimony on the psychological damage of being labeled a 'slut' and dismissed testimony from the other expert—a clinical psychologist who interviewed and evaluated Plaintiff B, the one who seems to have the most risk of injury from public disclosure of her name—as 'conclusory.' [R. 419 at 8.] Further, the district court failed to demonstrate its comprehension of what exactly is at stake for the Plaintiffs. **The Plaintiffs had put on a convincing case that, by being identified, they will permanently be linked with the videos containing the footage of them**.") (emphasis added).

A comparison of the types of privacy concerns allowing anonymity highlights that confidentiality recognized by statute is regularly allowed to proceed anonymously whereas mere embarrassment is not.

> Matters impacting "personal information of the utmost intimacy" include, for example, <u>abortion, the use of birth control, homosexuality, sexually exploited minor children, and personal religious beliefs</u>. See, e.g., *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (reversing district court's denial of plaintiffs'—all females under the age of eighteen—motion to proceed under pseudonyms, where plaintiffs sued a film distributor for publishing nude pictures and videos of them captured during college spring breaks);

7

> *Roe*, 253 F.3d at 685 (reversing district court's denial of a plaintiff's motion to proceed under a pseudonym, where plaintiff alleged medical injuries sustained during an abortion procedure); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) (reversing denial of plaintiffs' motion to proceed under pseudonyms, where plaintiffs challenged the constitutionality of prayer and Bible instruction in Mississippi public schools); *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 438–39 (S.D.N.Y. 1988) (granting homosexual plaintiff's motion to proceed under pseudonym in case challenging health insurance company's allegedly discriminatory policy because "[c]oncern to avoid public identification as a homosexual is heightened in light of the widespread public fear engendered by the Acquired Immunodeficiency Syndrome ('AIDS') crisis").

*Doe #1 v. Austin*, No. 8:22-CV-121-JLB-SPF, 2022 WL 2116797, at *3 (M.D. Fla. June 10, 2022) (emphasis added).

> [A] desire to avoid uncomfortable workplace conversations is, at its core, a social consideration that is neither highly sensitive nor personal in nature under case precedent. In fact, many courts within the Eleventh Circuit have declined to grant anonymity to plaintiffs facing the prospect of exposure as <u>an alcoholic, a sex offender, a transgender individual, and even an adult victim of rape</u>. See *Frank*, 951 F.2d at 324 (alcoholic); *Doe v. Samford Univ.*, No. 2:21-CV-00871-ACA, 2021 WL 3403517, at *2 (N.D. Ala. July 30, 2021) (sex offender); *Doe v. Reyes 1, Inc.*, No. 5:19-CV-320-TES, 2019 WL 12493582, at *1 (M.D. Ga. Aug. 19, 2019) (transgender individual); *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019) (rape victim).

*Id*. at *5. (emphasis added).

Here, as the Eleventh Circuit found in *Francis*, the harm Plaintiff would suffer if forced to reveal her identity creates a permanent injury as recognized by Alabama law that this litigation is precisely aimed at correcting pursuant to the FCRA. The FCRA requires that any disclosure for any of the limited permissible purposes be "not misleading". Plaintiff's harm here is much more than embarrassment; it is the waiving of the protections granted by federal and state law. Forcing Plaintiff to choose between her rights under state law or obtaining relief for her damages under federal law would cause enormous harm, surpassing mere embarrassment. Therefore, the Court should grant leave permitting Plaintiff to proceed under a pseudonym.

IV. **CONCLUSION**

Because both federal and Alabama law recognize the confidentiality of Plaintiff's criminal records, and forcing Plaintiff to reveal her identity would create a situation where Plaintiff would be required to waive her protections under Alabama law to seek enforcement of her FCRA rights, the Court should grant leave to Plaintiff to proceed under a pseudonym.

Respectfully submitted this 2nd day of February 2024.

**CONSUMER ATTORNEYS**

*/s/ Jenna Dakroub*
Jenna Dakroub, AL # 1859B86J
8245 N. 85th Way
Scottsdale, AZ 85258
E: jdakroub@consumerattorneys.com
T: (602) 807-1525
F: (718) 715-1750

*Attorneys for Plaintiff,
Jane Doe*